[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-15115
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2006
THOMAS K. KAHN
CLERK

BIA No. A97-658-370

DUO WEI CHEN,

                                        Petitioner,

                    versus

U. S. ATTORNEY GENERAL,

                                        Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(August 2, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Duo Wei Chen, a native and citizen of China, petitions for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum and relief under the United

Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  Reversible error has been shown; we grant the petition.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion.  See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  An IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence."  Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001).  An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group.  8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1).  The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Chen testified that two policemen arrested him in China while he was distributing fliers advocating the practice of Falun Gong, a movement banned by the Chinese government in 1999.

---

[1]As will be discussed, the IJ did not reach a decision on Chen's application for withholding of removal under the Immigration and Nationality Act ("INA").

The police held Chen for two days. During this time, officers twice placed a book on his back and hit the book with an iron hammer. The police asked Chen to promise not to practice Falun Gong; but Chen replied that Falun Gong was not bad. Chen's father paid for Chen's release; and Chen sought treatment for his back injury. The police later arrested Chen's father, who also practiced Falun Gong, and "confiscated" Chen's mother's store and Chen's home. Chen left for Shanghai, where he remained for "two to three months" without being bothered by the police. He then left China.

After summarizing Chen's testimony and the discussion of China's treatment of Falun Gong members provided in the 2004 Department of State Country Report on China, which was included in the record, the IJ noted that Chen's "claim generally comports with the State Department's background information." The IJ explained Chen's burden in establishing his eligibility for asylum; and the judge noted that it was important to determine if Chen's beating by the police rose to the level of persecution. The IJ then concluded that Chen insufficiently corroborated his testimony; and he denied the petition for asylum.

Here, the IJ did not make an adverse credibility determination about Chen. See Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (explaining that "IJ's must make clean determinations of credibility") (internal quotation

3

omitted).  Because the IJ focused on the insufficiency of Chen's evidence, instead of on credibility issues, "we will assume that any credibility determinations by the IJ were not dispositive of the appeal."  Id.

We turn to the merits of Chen's asylum claim.  Although the IJ acknowledged the importance of determining whether Chen's allegations rose to the level of persecution, the IJ did not decide whether the acts about which Chen testified demonstrated that he had suffered past persecution or had a well-founded fear of future persecution.[2]  "The IJ's failure to make this determination precludes us from undertaking meaningful judicial review of the merits of his order."  See Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1265 (11th Cir. 2004) (explaining, in the context of a withholding of removal claim, that "the regulations do not give the IJ the discretion to refrain from making a determination regarding past persecution altogether").  In addition, the IJ did not rule on Chen's application for withholding of removal under the INA.

---

[2]The only conclusion that the IJ reached on this issue -- that "we have no information that supports [Chen's] claim of persecution" -- appears in the IJ's discussion of Chen's failure to corroborate his testimony.  Because an alien's credible testimony -- without corroboration -- may be sufficient to support his burden of proof for asylum, and because the IJ did not make an adverse credibility finding about Chen, we do not construe the IJ's statement as a factual finding about whether Chen had suffered past persecution or had a well-founded fear of future persecution.  See 8 C.F.R. § 208.13(a) ("The burden of proof is on the applicant for asylum to establish that he or she is a refugee . . . .  The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.").

Chen also claims that the IJ erred in not finding him eligible for CAT relief because Chen was tortured as a result of his support for Falun Gong. On this claim, the IJ again failed to make a finding about whether Chen had met his burden of proof to receive relief.[3]

Therefore, we vacate the BIA's and IJ's decisions about the denial of Chen's applications for asylum and CAT relief; and we remand this case to allow a decision on whether Chen suffered past persecution or established a well-founded fear of future persecution in support of his asylum claim and whether Chen met his burden of proof on his CAT claim. We also remand to provide for a decision on Chen's withholding of removal claim in the first instance.

**PETITION GRANTED; VACATED AND REMANDED.**

---

[3]The IJ explained that Chen "has not claimed that he was, in fact, tortured by the government, except he says that he was in jail for two days and they tortured him." The IJ also concluded that Chen failed to produce corroborating evidence in support of his CAT claim. We do not construe these statements as a finding by the IJ that Chen failed to meet his burden of proof for CAT relief. See 8 C.F.R. § 208.16(b) (explaining that an alien's credible testimony may be sufficient to sustain the burden of proof for CAT relief without corroboration).